HOWARD Z. ROSEN, State Bar No. 54442
*hzrosen@posner-rosen.com*
JASON C. MARSILI, State Bar No. 233980
*jmarsili@posner-rosen.com*
BRIANNA M. PRIMOZIC, State Bar No. 274397
*bprimozic@posner-rosen.com*
AMANDA PITROF, State Bar No. 307530
*apitrof@posner-rosen.com*

POSNER & ROSEN LLP
3600 Wilshire Blvd., Suite 1800
Los Angeles, CA 90010-2679

Telephone No. (213) 389-6050
Facsimile No. (213) 389-0663

Attorneys for Plaintiff
JOSEPH C. MCNICHOLAS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JOSEPH C. MCNICHOLAS, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>LOYOLA MARYMOUNT UNIVERSITY,<br><br>                    Defendant. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  FMLA Interference<br>2.  FMLA Retaliation<br>3.  CFRA Interference<br>4.  CFRA Retaliation<br>5.  Wrongful Termination in Violation of Public Policy<br>6.  Violation of Labor Code § 1102.5<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff JOSEPH C. MCNICHOLAS as against Defendant

Loyola Marymount University and alleges the following claims for relief:

**JURISDICTION**

1.    Jurisdiction of this Court is invoked pursuant to Section 101 *et seq.* of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.* Subject matter jurisdiction over Plaintiff's FMLA claim is proper pursuant to 28 U.S.C. § 1331.

2.    As set forth in paragraphs 50 through 72, inclusive, Plaintiff's related state law claims arise out of a common nucleus of operative facts and form part of the same case or controversy such that Plaintiff would be expected to try all his claims in a single judicial proceeding. Accordingly, supplemental jurisdiction over Plaintiff's related state law claims is proper pursuant to 28 U.S.C. § 1367(a).

**VENUE**

3.    Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) as the events giving rise to Plaintiff's claims occurred in Los Angeles, California.

**PARTIES**

4.    Plaintiff Joseph C. McNicholas ("Plaintiff" or "McNicholas") is and, at all times relevant hereto, was a resident of the State of California residing in the city of Santa Monica, California.

5.    Defendant Loyola Marymount University ("LMU") is a private Catholic university located in Los Angeles, California that, at all times relevant herein, has employed, and continues to employ, not less than 50 employees at its Los Angeles, California campus.

**GENERAL ALLEGATIONS**

6.    In or about March 2006, LMU hired McNicholas as the Associate Director of the Office of Research and Sponsored Projects ("ORSP"). LMU promoted McNicholas to Director of the ORSP in 2010, a position he held until he was terminated, effective June 3, 2016.

7.    The mission of the ORSP is to assist grant writers to secure funding

**COMPLAINT FOR DAMAGES**

for research and teaching.  McNicholas performed outstandingly as the Director of ORSP as evidenced by his excellent performance reviews, the increase in grants awarded to LMU faculty during his tenure, and LMU's own description of McNicholas' accomplishments as Director of the ORSP.

8.     McNicholas' performance reviews are outstanding.  His 2014-2015 Performance Review, which is his most recent review, covers the period June 1, 2014 to May 31, 2015.  In the 2014-2015 Performance Review, LMU rated McNicholas as "Excellent" in the categories of Budgets/Cost, Customer Focus, Job Knowledge, and Problem Solving/Analysis, and "Highly Proficient" in all of the other categories.

9.     McNicholas' 2013-2014 Performance Review is of similar quality. LMU rated McNicholas as "Excellent" in the categories of Diversity, Planning, Adaptability/Flexibility, Communication, Creativity/Innovation, Customer Focus, Initiative, Job Knowledge, Leadership, Problem Solving/Analysis, Productivity, and Strategic Thinking.  LMU rated Dr. McNicholas as "Highly Proficient" in all of the other categories.

10.     The most definitive measurement of McNicholas' performance as Director of the ORSP is the increase in the grant dollars awarded that occurred during his tenure.  From 2010, when McNicholas became the Director of the ORSP, to June 2016, the grant dollars awarded to LMU faculty increased from $2.8 million to $8.4 million.

11.     The Office of the Vice President for Intercultural Affairs designated McNicholas as a 2014-2015 Senior Vice President Fellow in the Division of Business and Finance.  In so doing, LMU described McNicholas' contribution to the funding process as follows:

> Since arriving at LMU in 2006, Joseph [McNicholas] has
> promoted a positive environment for the pursuit of
> funding through streamlining grant submissions;

**COMPLAINT FOR DAMAGES**

attracting talented people; communicating clearly about funding opportunities; supporting a culture of compliance; and advancing the teacher-scholar model.

12.     McNicholas began an LMU-approved Family Medical Leave Act ("FMLA") and California Family Rights Act ("CFRA") leave of absence on August 24, 2015.

13.     McNicholas returned to his position as Director of the ORSP on or about November 11, 2015.

14.     Prior to the commencement of his FMLA/CFRA leave of absence, McNicholas was the chair of the hiring committee for the ORSP.  In that capacity, McNicholas chaired the hiring committees for Alice Martini-Doyle, Assistant Director, Pre-Award Services, for Cynthia Ruiz, Assistant Director, Pre-Award Services, Emma Pastrana, Administrative Assistant, and for Ashley Alexander, Grants and Contract Specialist.

15.     The Director of ORSP who preceded McNicholas hired him and also was the hiring committee chair for positions filled during her tenure.

16.     During McNicholas' leave of absence, John Carfora, Associate Provost, Research Advancement and Compliance, and McNicholas' immediate supervisor during McNicholas' tenure as Director of the ORSP, appointed Cynthia Ruiz, a member of McNicholas' staff, to chair the ORSP hiring committee and announced that Ruiz would continue in that capacity after McNicholas' returned from his leave of absence.

17.     Carfora did not rescind his proclamation that McNicholas would no longer be the chair of the ORSP hiring committee upon his return from his leave of absence.

18.     Carfora permanently removed McNicholas as the hiring committee chair, a position that he had held since becoming the Director of the ORSP in 2010. The removal of McNicholas as the chair of the ORSP hiring committee was a

**COMPLAINT FOR DAMAGES**

1  diminution in McNicholas' authority as Director of the ORSP and sent a clear

2  message to his staff that he was no longer fully in charge of the ORSP.

3      19.  During McNicholas' leave, Carfora also gave Ruiz additional duties

4  that had been performed by McNicholas for his staff.  Carfora reassigned staff

5  time-sheet approvals and one of McNicholas' supervisory roles to Ms. Ruiz during

6  his absence, but did not reassign these responsibilities to McNicholas, as Director

7  of the ORSP after he returned from his leave.

8      20.  Time-sheet approvals has always been a supervisory responsibility of

9  the Director.  The Director is tasked with performing the annual performance

10  evaluations for his staff.  Whether and to what extent his staff perform their

11  assigned tasks is ultimately his responsibility.  Ruiz is not a supervisor and her job

12  description does not include supervisory responsibilities.  The removal of this

13  supervisory function from McNicholas was another reduction of his duties and

14  authority over the employees he supervised.

15      21.  These actions by Carfora undermined McNicholas' authority as the

16  Director of the ORSP and are a direct result of, and in retaliation for, McNicholas

17  having taken a FMLA/CFRA leave of absence.

18      22.  While McNicholas was on his leave of absence, Carfora was "very

19  stressed out" because McNicholas was gone.  McNicholas is informed and believes

20  and based upon such information and belief alleges that Carfora also commented to

21  others that he "isn't paid enough to do two jobs."  Carfora told McNicholas that it

22  was difficult for him to be involved in the ORSP while doing his own work.

23  Carfora only spent two days in the ORSP suite of offices in McNicholas' absence.

24      23.  Carfora's retaliation against McNicholas for taking an FMLA/CFRA

25  leave is evidenced by both his comments to others, his statement to McNicholas,

26  his removal of McNicholas as the chair of the ORSP hiring committee, and the

27  transfer of the time-sheet approval and other supervisory roles from McNicholas to

28  his subordinate who is not a supervisor.

**COMPLAINT FOR DAMAGES**

24.     The retaliation is also evidenced by Carfora's change in the structure and function of the ORSP as evidenced by the Carfora's Work Plan for McNicholas.

25.     Carfora made these unilateral and demeaning changes to further emasculate McNicholas and his authority over his staff.

26.     The ORSP has functioned at the highest level and has generated a three-fold increase in grant revenue since McNicholas became its Director.

27.     By making his changes to the ORSP during the first week of McNicholas' return to work from his leave, Carfora has further threatened changes to McNicholas' responsibilities and further reductions in his authority.

28.     McNicholas sent a November 13, 2015 letter to Executive Vice President and Provost Joseph B. Hellige in which he delineated the acts of interference and asserted that Carfora's actions appeared to be in retaliation for McNicholas having taken FMLA/CFRA leave.

29.     Provost Hellige did not address the issues raised by McNicholas, but instead responded, in part: "[A]s an initial response to your concerns regarding the assignment of duties, management has the right to assign or reassign job duties to meet the operational needs of the Office." Provost Hellige did not explain why removal and replacement of McNicholas as the chair of the ORSP hiring committee and removal and transfer of his authority to his assistant, who is not a supervisor, was necessary for the operational needs of the ORSP.

30.     Carfora and McNicholas met on March 30, 2016 to discuss issues concerning the ORSP. From the beginning of the meeting, Carfora was dismissive, aggressive, defensive, and belittling. Just one example is emblematic of Carfora's demeanor. The first item that McNicholas raised with Carfora was returning his responsibilities for time sheet approval, performance reviews, and "concur," the office system used to manage the budget. Carfora stated that he was going to wait and that it was not going to happen presently. McNicholas asked when he thought

**COMPLAINT FOR DAMAGES**

1  they would revisit that decision.  Carfora grew angry and shouted: "When I am

2  goddamned ready!"  This is just one of many examples of Carfora's demeaning

3  attitude towards McNicholas that was exacerbated by McNicholas' having taken

4  FMLA leave.

5      31.    Provost Michael O'Sullivan notified McNicholas that he was

6  terminated.  The termination was effective June 3, 2016.

7      32.    LMU used McNicholas' FMLA-approved leave as a negative factor in

8  its decision to terminate him.

9      33.    On January 12, 2017, Plaintiff McNicholas filed a complaint of

10  discrimination with the Department of Fair Employment and Housing ("DFEH").

11      34.    On January 12, 2017, McNicholas received a Right-To-Sue letter from

12  the DFEH.

13

14  **FIRST CLAIM FOR RELIEF**<br>(FMLA Interference Against LMU)

15      35.    Plaintiff realleges and incorporates by reference, as though fully set

16  forth herein, paragraphs 1 through 32, inclusive.

17      36.    At all times relevant hereto, Section 2615 of Title 29 of the United

18  States Code was in full force and effect and was binding upon LMU.  Section

19  2615(a)(1) prohibits employers from interfering with, restraining, or otherwise

20  denying the exercise of or the attempt to exercise any right provided under the

21  FMLA.

22      37.    As interpreted by the United States Court of Appeals for the Ninth

23  Circuit, Section 2615(a)(1) applies to an employee who takes FMLA leave and, as

24  a consequence, is subjected to discharge by his employer. *Xin Liu v. Amway Corp.*,

25  347 F.3d 1125, 1133 n.7 (9th Cir. 2003); *Bachelder v. America West Airlines, Inc.*,

26  259 F.3d 1112, 1124 (9th Cir. 2001).

27      38.    McNicholas had been employed by LMU since March 2000 and

28  provided more than 1,250 hours service to LMU from the campus of LMU in Los

**COMPLAINT FOR DAMAGES**

1  Angeles, California in the 12-month period immediately preceding June 3, 2016.

2      39.    As alleged in Paragraphs 12-13, inclusive, McNicholas took an LMU-

3  approved FMLA leave of absence from August 24 to November 11, 2015.

4      40.    As alleged in Paragraphs 16 through 19, inclusive, LMU reduced

5  McNicholas' duties and responsibilities as Director of the ORSP while he was on

6  his FMLA/CFRA leave and did not reinstate those duties and responsibilities upon

7  his return from his leave.

8      41.    After McNicholas protested the diminution of his duties and

9  responsibilities and the interference by Carfora in McNicholas' direction of the

10  ORSP, LMU terminated McNicholas, effective June 3, 2016.

11      42.    LMU used McNicholas' FMLA/CFRA-approved leave as a negative

12  factor in its decision to terminate him.

13      43.    The discharge of McNicholas constitutes an interference with this

14  rights under the FMLA.

15      44.    The conduct alleged in paragraphs 16 through 30, 40-43, inclusive,

16  was a substantial factor in causing damage and injury to McNicholas.

17
                    **SECOND CLAIM FOR RELIEF**
18                    (FMLA retaliation against LMU)

19      45.    Plaintiff realleges and incorporates by reference, as though fully set

20  forth herein, paragraphs 1 through 41, inclusive.

21      46.    At all times relevant hereto, Section 2615 of Title 29 of the United

22  States Code was in full force and effect and was binding upon Defendants.  Section

23  2615(a)(2) prohibits employers from discharging an employee because the

24  employee for opposed any practice prohibited by the FMLA.

25      47.    As alleged in paragraph 28, McNicholas sent a November 13, 2015

26  letter to Executive Vice President and Provost Joseph B. Hellige in which he

27  opposed the actions of Carfora in reducing his duties and responsibilities and

28  asserted that Carfora's actions appeared to be in retaliation for his having taken

7

**COMPLAINT FOR DAMAGES**

FMLA leave.

48.   LMU discharged McNicholas in retaliation for opposing Carfora's violation of McNicholas' rights under the FMLA in violation of 29 U.S.C. section 2615(a)(2).

49.   The conduct alleged in paragraph 16 through 30, 41-42, and 47-48, inclusive, was a substantial factor in causing damage and injury to McNicholas.

### THIRD CLAIM FOR RELIEF
(CFRA Interference Against LMU)

50.   Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 43, inclusive.

51.   At all times herein mentioned, Government Code section 12945.2(l)(1)) was in full force and effect and was binding upon LMU.  Section 12945.2(l)(1) requires LMU to refrain from discriminating against or discharging an employee based upon his exercise of his right to take family care and medical leave provided by subsection (a).

52.   LMU used McNicholas' leave of absence, which had been approved under the California Family Rights Act, Government Code section 12945.2, as a negative factor in its decision to terminate him.

53.   The conduct alleged in paragraphs 16 through 31, inclusive, was a substantial factor in causing damage and injury to McNicholas.

### FOURTH CLAIM FOR RELIEF
(CFRA Retaliation Against LMU)

54.   Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 34, inclusive.

55.   At all times herein mentioned, Government Code section 12945.2(l)(1)) was in full force and effect and was binding upon LMU.  Section 12945.2(l)(1) requires LMU to refrain from discriminating against or discharging an employee based upon his exercise of his right to take family care and medical

COMPLAINT FOR DAMAGES

1  leave provided by subsection (a).

2      56.    At all times relevant hereto, McNicholas was qualified to, and did

3  satisfactorily, perform the essential duties of his job as the Director of ORSP.

4      57.    As alleged in paragraphs 31 and 41, McNicholas suffered an adverse

5  employment action when LMU discharged McNicholas for having opposed LMU's

6  discrimination against him for having taken his leave provided by Section 12945.2.

7      58.    As alleged in paragraphs 31 and 41, McNicholas suffered an adverse

8  employment action when LMU terminated McNicholas.

9      59.    The conduct alleged in paragraphs 16 through 32, and 57-58,

10  inclusive, was a substantial factor in causing damage and injury to McNicholas in

11  an amount in excess of the jurisdictional requirement of this Court.

12      60.    LMU has acted for the purpose of causing McNicholas to suffer

13  financial loss and is guilty of oppression and malice, justifying an award of

14  exemplary damages.

15
                            **FIFTH CLAIM FOR RELIEF**

16  (Wrongful Termination in Violation of Public Policy Against LMU)

17      61.    Plaintiff realleges and incorporates by reference, as though fully set

18  forth herein, paragraphs 1 through 60, inclusive.

19      62.    The public policy of the State of California is codified in Government

20  Code section 12945.2 as well as through the provisions of the FMLA, which

21  represents the federal counterpart to the CFRA.  Both of these aforementioned

22  statutes were in full force and effect and were binding upon LMU at all times

23  relevant hereto.

24      63.    McNicholas was the Director of the ORSP and suffered an adverse

25  employment action when LMU terminated him in violation of the FMLA and the

26  CFRA.

27      64.    The conduct alleged above constitutes wrongful termination in

28  violation of public policy.

**COMPLAINT FOR DAMAGES**

65.     The termination of McNicholas was a substantial factor in causing damage and injury to McNicholas in an amount in excess of the jurisdictional requirement of this Court.

66.     LMU acted for the purpose of causing McNicholas to suffer financial loss and is guilty of oppression and malice, justifying an award of exemplary damages.

## SIXTH CLAIM FOR RELIEF
(Violation of Labor Code section 1102.5 Against LMU)

67.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 60, inclusive.

68.     Labor Code section 1102 was in full force and effect and was binding upon LMU.  Section 1102.5 requires LMU to refrain from retaliating against an employee for disclosing information to his employer if the employee has reasonable cause to believe that the information discloses a violation of state or federal law or a violation of or noncompliance with a local, state, or federal rule or regulation.

69.     As alleged in Paragraph 28, McNicholas sent a November 13, 2015 letter to Executive Vice President and Provost Joseph B. Hellige in which he delineated the acts of interference with his rights under the FMLA and the CFRA and asserted that Carfora's actions appeared to be in retaliation for his having taken FMLA leave.

70.     On or about June 3, 2016, LMU discharged McNicholas for having disclosed to LMU the violation of his rights under the FMLA and the CFRA, which discharge constituted a violation of Labor Code section 1102.5.

71.     The termination of McNicholas was a substantial factor in causing damage and injury to McNicholas in an amount in excess of the jurisdictional requirement of this Court.

72.     LMU acted for the purpose of causing McNicholas to suffer financial

**COMPLAINT FOR DAMAGES**

1  loss and is guilty of oppression and malice, justifying an award of exemplary

2  damages.

3          WHEREFORE, Plaintiff JOSEPH MCNICHOLAS prays for judgment

4  against Defendants, and each of them, as follows:

5          **As to the First Claim for Relief:**

6          1.      For lost wages, employment benefits, and other compensation

7  pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)(I);

8          2.      For prejudgment interest pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii);

9          3.      For liquidated damages pursuant to pursuant to 29 U.S.C. §

10  2617(a)(1)(A)(iii);

11          4.      For reasonable attorney's fee, reasonable expert witness fees, and

12  other costs of the action pursuant to 29 U.S.C. § 2617(a)(3);

13          **As to the Second Claim for Relief:**

14          5.      For lost wages, employment benefits, and other compensation

15  pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)(I);

16          6.      For prejudgment interest pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii);

17          7.      For liquidated damages pursuant to pursuant to 29 U.S.C. §

18  2617(a)(1)(A)(iii);

19          8.      For reasonable attorney's fee, reasonable expert witness fees, and

20  other costs of the action pursuant to 29 U.S.C. § 2617(a)(3);

21          **As to the Third Claim for Relief:**

22          9.      For general damages according to proof;

23          10.     For special damages for lost earnings according to proof;

24          11.     For attorney's fees, reasonable expert witness fees, and other costs

25  pursuant to Government Code section 12965(b) and/or any other applicable

26  provision of law;

27          12.     For prejudgment interest pursuant to Civil Code section 3287 and/or

28  any other provision of law providing for prejudgement interest;

---

11

**COMPLAINT FOR DAMAGES**

13.  For punitive damages according to proof;

**As to the Fourth Claim for Relief:**

14.  For general damages according to proof;

15.  For special damages for lost earnings according to proof;

16.  For attorney's fees, reasonable expert witness fees, and other costs pursuant to Government Code section 12965(b) and/or any other applicable provision of law;

17.  For prejudgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for prejudgement interest;

18.  For punitive damages according to proof;

**As to the Fifth Claim for Relief:**

19.  For general damages according to proof;

20.  For special damages for lost earnings according to proof;

21.  For prejudgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for prejudgement interest;

22.  For punitive damages according to proof;

**As to the Sixth Claim for Relief:**

23.  For general damages according to proof;

24.  For special damages for lost earnings according to proof;

25.  For a penalty not exceeding ten thousand dollars ($10,000) for each violation of Labor Code section 1102.5 pursuant to Labor Code section 1102.5(f);

26.  For prejudgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for prejudgement interest;

27.  For punitive damages according to proof;

///
///
///

**COMPLAINT FOR DAMAGES**

**As to All Claims for Relief:**

28.    For cost of suit incurred herein;

29.    For attorney's fees as provided by law;

30.    For prejudgment interest as provided by law; and

31.    For such other and further relief as the Court may deem just and proper.


**DATED:** January 17, 2017                           **POSNER & ROSEN LLP**


By: _____
HOWARD Z. ROSEN
JASON C. MARSILI
BRIANNA M. PRIMOZIC
AMANDA PITROF
Attorneys for Plaintiff
JOSEPH MCNICHOLAS

**COMPLAINT FOR DAMAGES**

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiff JOSEPH MCNICHOLAS hereby demands a jury trial on all claims

3 for relief.

4

5

6 **DATED:** January 17, 2017                    **POSNER & ROSEN LLP**

7

8

9                                      By:

10                                           HOWARD Z. ROSEN
                                             JASON C. MARSILI
11                                           BRIANNA M. PRIMOZIC
                                             AMANDA PITROF
12                                           Attorneys for Plaintiff
                                             JOSEPH MCNICHOLAS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28