# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSEPH C. MCNICHOLAS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LOYOLA MARYMOUNT UNIVERSITY,<br><br>Defendant. | Case No. 2:17-CV-00386 TJH (Ex)<br><br>Hon. Terry J. Hatter, Jr., Courtroom 9B<br><br>**STIPULATED PROTECTIVE ORDER** |

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to

1    discovery and that the protection it affords from public disclosure and use extends
2    only to the limited information or items that are entitled to confidential treatment
3    under the applicable legal principles.
4
5        B.    GOOD CAUSE STATEMENT
6            This action is likely to involve private employment personnel files, medical
7    records, private information of third parties and other financial and/or proprietary
8    information for which special protection from public disclosure and from use for
9    any purpose other than prosecution of this action is warranted.  Such confidential
10   and proprietary materials and information consist of, among other things,
11   confidential employment personnel files of individuals, medical records including,
12   but not limited to, psychiatric and psychological records, private information of
13   third parties, other financial and/or proprietary information of individuals and
14   educational institutions, information otherwise generally unavailable to the public,
15   or which may be privileged or otherwise protected from disclosure under state or
16   federal statutes, court rules, case decisions, or common law.  Accordingly, to
17   expedite the flow of information, to facilitate the prompt resolution of disputes over
18   confidentiality of discovery materials, to adequately protect information the parties
19   are entitled to keep confidential, to ensure that the parties are permitted reasonable
20   necessary uses of such material in preparation for and in the conduct of trial, to
21   address their handling at the end of the litigation, and serve the ends of justice, a
22   protective order for such information is justified in this matter.  It is the intent of the
23   parties that information will not be designated as confidential for tactical reasons
24   and that nothing be so designated without a good faith belief that it has been
25   maintained in a confidential, non-public manner, and there is good cause why it
26   should not be part of the public record of this case.
27   ///
28   ///

C.   **ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL**

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material (defined hereafter) that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting

1  the application to file documents under seal must be provided by declaration.

2      Any document that is not confidential, privileged, or otherwise protectable in

3  its entirety will not be filed under seal if the confidential portions can be redacted. If

4  documents can be redacted, then a redacted version for public viewing, omitting

5  only the confidential, privileged, or otherwise protectable portions of the document,

6  shall be filed. Any application that seeks to file documents under seal in their

7  entirety should include an explanation of why redaction is not feasible.

8

9  2.    DEFINITIONS

10     2.1    Action:  This pending lawsuit, entitled *Joseph C. McNicholas v. Loyola*

11  *Marymount University*, Case No. 2:17-CV-00386 TJH (Ex).

12     2.2    Challenging Party: a Party or Non-Party that challenges the

13  designation of information or items under this Order.

14     2.3    "CONFIDENTIAL" Information or Items: information (regardless of

15  how it is generated, stored or maintained) or tangible things that qualify for

16  protection under Federal Rule of Civil Procedure 26(c), and as specified above in

17  the Good Cause Statement.

18     2.4    Counsel: Outside Counsel of Record and House Counsel (as well as

19  their support staff).

20     2.5    Designating Party: a Party or Non-Party that designates information or

21  items that it produces in disclosures or in responses to discovery as

22  "CONFIDENTIAL."

23     2.6    Disclosure or Discovery Material: all items or information, regardless

24  of the medium or manner in which it is generated, stored, or maintained (including,

25  among other things, testimony, transcripts, and tangible things), that are produced or

26  generated in disclosures or responses to discovery in this matter.

27     2.7    Expert: a person with specialized knowledge or experience in a matter

28  pertinent to the litigation who has been retained by a Party or its counsel to serve as

1  an expert witness or as a consultant in this Action.

2      2.8   House Counsel: attorneys who are employees of a party to this Action.

3  House Counsel does not include Outside Counsel of Record or any other outside

4  counsel.

5      2.9   Non-Party: any natural person, partnership, corporation, association or

6  other legal entity not named as a Party to this action.

7      2.10   Outside Counsel of Record: attorneys who are not employees of a party

8  to this Action but are retained to represent or advise a party to this Action and have

9  appeared in this Action on behalf of that party or are affiliated with a law firm that

10  has appeared on behalf of that party, and includes support staff.

11      2.11   Party: any party to this Action, including all of its officers, directors,

12  employees, consultants, retained experts, and Outside Counsel of Record (and their

13  support staffs).

14      2.12   Producing Party: a Party or Non-Party that produces Disclosure or

15  Discovery Material in this Action.

16      2.13   Professional Vendors:  persons or entities that provide litigation

17  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

18  demonstrations, and organizing, storing, or retrieving data in any form or medium)

19  and their employees and subcontractors.

20      2.14   Protected Material: any Disclosure or Discovery Material that is

21  designated as "CONFIDENTIAL."

22      2.15   Receiving Party: a Party that receives Disclosure or Discovery Material

23  from a Producing Party.

24

25  3.    SCOPE

26      The protections conferred by this Stipulation and Order cover not only

27  Protected Material (as defined above), but also (1) any information copied or

28  extracted from Protected Material; (2) all copies, excerpts, summaries, or

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

1056435 1

5

Case No. 2:17-CV-00386 TJH (Ex)
STIPULATED PROTECTIVE ORDER

1  compilations of Protected Material; and (3) any testimony, conversations, or

2  presentations by Parties or their Counsel that might reveal Protected Material.

3      Any use of Protected Material at trial shall be governed by the orders of the

4  trial judge. This Order does not govern the use of Protected Material at trial.

5

6  4.   DURATION

7      Once a case proceeds to trial, information that was designated as

8  CONFIDENTIAL or maintained pursuant to this protective order used or introduced

9  as an exhibit at trial becomes public and will be presumptively available to all

10  members of the public, including the press, unless compelling reasons supported by

11  specific factual findings to proceed otherwise are made to the trial judge in advance

12  of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause"

13  showing for sealing documents produced in discovery from "compelling reasons"

14  standard when merits-related documents are part of court record).  Accordingly, the

15  terms of this protective order do not extend beyond the commencement of the trial.

16

17  5.   DESIGNATING PROTECTED MATERIAL

18      5.1   Exercise of Restraint and Care in Designating Material for Protection.

19  Each Party or Non-Party that designates information or items for protection under

20  this Order must take care to limit any such designation to specific material that

21  qualifies under the appropriate standards.  The Designating Party must designate for

22  protection only those parts of material, documents, items or oral or written

23  communications that qualify so that other portions of the material, documents, items

24  or communications for which protection is not warranted are not swept unjustifiably

25  within the ambit of this Order.

26      Mass, indiscriminate or routinized designations are prohibited. Designations

27  that are shown to be clearly unjustified or that have been made for an improper

28  purpose (e.g., to unnecessarily encumber the case development process or to impose

1  unnecessary expenses and burdens on other parties) may expose the Designating
2  Party to sanctions.

3       If it comes to a Designating Party's attention that information or items that it
4  designated for protection do not qualify for protection, that Designating Party must
5  promptly notify all other Parties that it is withdrawing the inapplicable designation.

6       5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in
7  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
8  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
9  under this Order must be clearly so designated before the material is disclosed or
10 produced.

11      Designation in conformity with this Order requires:

12      (a) for information in documentary form (e.g., paper or electronic documents,
13 but excluding transcripts of depositions or other pretrial or trial proceedings), that
14 the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter
15 "CONFIDENTIAL legend"), to each page that contains protected material. If only a
16 portion of the material on a page qualifies for protection, the Producing Party also
17 must clearly identify the protected portion(s) (e.g., by making appropriate markings
18 in the margins).

19      A Party or Non-Party that makes original documents available for inspection
20 need not designate them for protection until after the inspecting Party has indicated
21 which documents it would like copied and produced.  During the inspection and
22 before the designation, all of the material made available for inspection shall be
23 deemed "CONFIDENTIAL." After the inspecting Party has identified the
24 documents it wants copied and produced, the Producing Party must determine which
25 documents, or portions thereof, qualify for protection under this Order.  Then,
26 before producing the specified documents, the Producing Party must affix the
27 "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a
28 portion of the material on a page qualifies for protection, the Producing Party also

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

1056435.1

7

Case No. 2:17-CV-00386 TJH (Ex)
STIPULATED PROTECTIVE ORDER

1   must clearly identify the protected portion(s) (e.g., by making appropriate markings
2   in the margins).

3       (b) for testimony given in depositions that the Designating Party identifies the
4   Disclosure or Discovery Material on the record, before the close of the deposition all
5   protected testimony.

6       (c) for information produced in some form other than documentary and for
7   any other tangible items, that the Producing Party affix in a prominent place on the
8   exterior of the container or containers in which the information is stored the legend
9   "CONFIDENTIAL." If only a portion or portions of the information warrants
10  protection, the Producing Party, to the extent practicable, shall identify the protected
11  portion(s).

12      5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent
13  failure to designate qualified information or items does not, standing alone, waive
14  the Designating Party's right to secure protection under this Order for such material.
15  Upon timely correction of a designation, the Receiving Party must make reasonable
16  efforts to assure that the material is treated in accordance with the provisions of this
17  Order.

18

19  6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

20      6.1   Timing of Challenges. Any Party or Non-Party may challenge a
21  designation of confidentiality at any time that is consistent with the Court's
22  Scheduling Order.

23      6.2   Meet and Confer. The Challenging Party shall initiate the dispute
24  resolution process under Local Rule 37-1 et seq.

25      6.3   Joint Stipulation. Any challenge submitted to the Court shall be via a
26  joint stipulation pursuant to Local Rule 37-2.

27      6.4   The burden of persuasion in any such challenge proceeding shall be on
28  the Designating Party. Frivolous challenges, and those made for an improper

1 purpose (e.g., to harass or impose unnecessary expenses and burdens on other
2 parties) may expose the Challenging Party to sanctions.  Unless the Designating
3 Party has waived or withdrawn the confidentiality designation, all parties shall
4 continue to afford the material in question the level of protection to which it is
5 entitled under the Producing Party's designation until the Court rules on the
6 challenge.

7

8 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

9      7.1   Basic Principles. A Receiving Party may use Protected Material that is
10 disclosed or produced by another Party or by a Non-Party in connection with this
11 Action only for prosecuting, defending or attempting to settle this Action.  Such
12 Protected Material may be disclosed only to the categories of persons and under the
13 conditions described in this Order.  When the Action has been terminated, a
14 Receiving Party must comply with the provisions of section 13 below (FINAL
15 DISPOSITION).

16      Protected Material must be stored and maintained by a Receiving Party at a
17 location and in a secure manner that ensures that access is limited to the persons
18 authorized under this Order.

19      7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless
20 otherwise ordered by the court or permitted in writing by the Designating Party, a
21 Receiving Party may disclose any information or item designated
22 "CONFIDENTIAL" only to:

23      (a)   the Receiving Party's Outside Counsel of Record in this Action, as well
24 as employees of said Outside Counsel of Record to whom it is reasonably necessary
25 to disclose the information for this Action;

26      (b)   the officers, directors, and employees (including House Counsel) of the
27 Receiving Party to whom disclosure is reasonably necessary for this Action;

28      (c)   Experts (as defined in this Order) of the Receiving Party to whom

1   disclosure is reasonably necessary for this Action and who have signed the

2   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3     (d) the court and its personnel;

4     (e) court reporters and their staff;

5     (f) professional jury or trial consultants, mock jurors, and Professional

6   Vendors to whom disclosure is reasonably necessary for this Action and who have

7   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8     (g) the author or recipient of a document containing the information or a

9   custodian or other person who otherwise possessed or knew the information;

10    (h) during their depositions, witnesses, and attorneys for witnesses, in the

11  Action to whom disclosure is reasonably necessary provided: (1) the deposing party

12  requests that the witness sign the form attached as Exhibit A hereto; and (2) they

13  will not be permitted to keep any confidential information unless they sign the

14  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

15  agreed by the Designating Party or ordered by the court.  Pages of transcribed

16  deposition testimony or exhibits to depositions that reveal Protected Material may

17  be separately bound by the court reporter and may not be disclosed to anyone except

18  as permitted under this Stipulated Protective Order; and

19    (i) any mediator or settlement officer, and their supporting personnel,

20  mutually agreed upon by any of the parties engaged in settlement discussions.

21

22    8. PROTECTED MATERIAL SUBPOENAED OR ORDERED

23      PRODUCED IN OTHER LITIGATION

24    If a Party is served with a subpoena or a court order issued in other litigation

25  that compels disclosure of any information or items designated in this Action as

26  "CONFIDENTIAL," that Party must:

27    (a) promptly notify in writing the Designating Party.  Such notification shall

28  include a copy of the subpoena or court order;

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

1056435.1

10

Case No. 2:17-CV-00386 TJH (Ex)
STIPULATED PROTECTIVE ORDER

1    (b) promptly notify in writing the party who caused the subpoena or order to

2  issue in the other litigation that some or all of the material covered by the subpoena

3  or order is subject to this Protective Order.  Such notification shall include a copy of

4  this Stipulated Protective Order; and

5    (c) cooperate with respect to all reasonable procedures sought to be pursued

6  by the Designating Party whose Protected Material may be affected.

7    If the Designating Party timely seeks a protective order, the Party served with

8  the subpoena or court order shall not produce any information designated in this

9  action as "CONFIDENTIAL" before a determination by the court from which the

10  subpoena or order issued, unless the Party has obtained the Designating Party's

11  permission.  The Designating Party shall bear the burden and expense of seeking

12  protection in that court of its confidential material and nothing in these provisions

13  should be construed as authorizing or encouraging a Receiving Party in this Action

14  to disobey a lawful directive from another court.

15

16  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

17       PRODUCED IN THIS LITIGATION

18    (a) The terms of this Order are applicable to information produced by a Non-

19  Party in this Action and designated as "CONFIDENTIAL." Such information

20  produced by Non-Parties in connection with this litigation is protected by the

21  remedies and relief provided by this Order.  Nothing in these provisions should be

22  construed as prohibiting a Non-Party from seeking additional protections.

23    (b) In the event that a Party is required, by a valid discovery request, to

24  produce a Non-Party's confidential information in its possession, and the Party is

25  subject to an agreement with the Non-Party not to produce the Non-Party's

26  confidential information, then the Party shall:

27    (1) promptly notify in writing the Requesting Party and the Non-Party that

28  some or all of the information requested is subject to a confidentiality agreement

1   with a Non-Party;

2       (2) promptly provide the Non-Party with a copy of the Stipulated Protective

3   Order in this Action, the relevant discovery request(s), and a reasonably specific

4   description of the information requested; and

5       (3) make the information requested available for inspection by the Non-Party,

6   if requested.

7       (c) If the Non-Party fails to seek a protective order from this court within 14

8   days of receiving the notice and accompanying information, the Receiving Party

9   may produce the Non-Party's confidential information responsive to the discovery

10  request. If the Non-Party timely seeks a protective order, the Receiving Party shall

11  not produce any information in its possession or control that is subject to the

12  confidentiality agreement with the Non-Party before a determination by the court.

13  Absent a court order to the contrary, the Non-Party shall bear the burden and

14  expense of seeking protection in this court of its Protected Material.

15

16  10.  <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

17      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

18  Protected Material to any person or in any circumstance not authorized under this

19  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

20  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

21  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

22  persons to whom unauthorized disclosures were made of all the terms of this Order,

23  and (d) request such person or persons to execute the "Acknowledgment and

24  Agreement to Be Bound" that is attached hereto as Exhibit A.

25

26  11.  <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

27      <u>PROTECTED MATERIAL</u>

28      When a Producing Party gives notice to Receiving Parties that certain

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

1056435.1

12

Case No. 2:17-CV-00386 TJH (Ex)
STIPULATED PROTECTIVE ORDER

1  inadvertently produced material is subject to a claim of privilege or other protection,
2  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil
3  Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure
4  may be established in an e-discovery order that provides for production without
5  prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar
6  as the parties reach an agreement on the effect of disclosure of a communication or
7  information covered by the attorney-client privilege or work product protection, the
8  parties may incorporate their agreement in the stipulated protective order submitted
9  to the court.

10

11  12.   MISCELLANEOUS

12        12.1   Right to Further Relief. Nothing in this Order abridges the right of any
13  person to seek its modification by the Court in the future.

14        12.2   Right to Assert Other Objections. By stipulating to the entry of this
15  Protective Order, no Party waives any right it otherwise would have to object to
16  disclosing or producing any information or item on any ground not addressed in this
17  Stipulated Protective Order. Similarly, no Party waives any right to object on any
18  ground to use in evidence of any of the material covered by this Protective Order.

19        12.3   Filing Protected Material. A Party that seeks to file under seal any
20  Protected Material must comply with Local Civil Rule 79-5. Protected Material
21  may only be filed under seal pursuant to a court order authorizing the sealing of the
22  specific Protected Material at issue. If a Party's request to file Protected Material
23  under seal is denied by the court, then the Receiving Party may file the information
24  in the public record unless otherwise instructed by the court.

25

26  13. FINAL DISPOSITION

27        After the final disposition of this Action, as defined in paragraph 4, within 60
28  days of a written request by the Designating Party, each Receiving Party must return

1  all Protected Material to the Producing Party or destroy such material. As used in
2  this subdivision, "all Protected Material" includes all copies, abstracts, compilations,
3  summaries, and any other format reproducing or capturing any of the Protected
4  Material. Whether the Protected Material is returned or destroyed, the Receiving
5  Party must submit a written certification to the Producing Party (and, if not the same
6  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies
7  (by category, where appropriate) all the Protected Material that was returned or
8  destroyed and (2) affirms that the Receiving Party has not retained any copies,
9  abstracts, compilations, summaries or any other format reproducing or capturing any
10  of the Protected Material. Notwithstanding this provision, Counsel are entitled to
11  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing
12  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert
13  reports, attorney work product, and consultant and expert work product, even if such
14  materials contain Protected Material. Any such archival copies that contain or
15  constitute Protected Material remain subject to this Protective Order as set forth in
16  Section 4 (DURATION).
17
18
19
20
21
22
23
24
25
26
27
28

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

1056435.1

14

Case No. 2:17-CV-00386 TJH (Ex)
STIPULATED PROTECTIVE ORDER

14.   <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June 26, 2017

Howard Z. Rosen
Attorneys for Plaintiff
Joseph C. McNicholas

DATED: 7/10/17

Adam L. Johnson
Attorneys for Defendant
Loyola Marymount University

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED. DATED: 7/10/17

Hon. Charles F. Eick
United States Magistrate Judge

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Central District of

California on _____ in the case of *Joseph C. McNicholas v. Loyola*

*Marymount University*, Case No. 2:17-CV-00386 TJH (Ex). I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Order. I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of

this action.  I hereby appoint _____ [print or type full

name] of _____ [print or type full address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

1056435.1

16

Case No. 2:17-CV-00386 TJH (Ex)
STIPULATED PROTECTIVE ORDER

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

3

      At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 650 Town Center

4

Drive, Suite 1200, Costa Mesa, CA 92626-1925.

5

      On July 10, 2017, I served true copies of the following document(s) described as

6

**STIPULATED PROTECTIVE ORDER** on the interested parties in this action as follows:

7

    X    **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF

8

              system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not

9

              registered CM/ECF users will be served by mail or by other means

10

              permitted by the court rules.

11

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this

12

Court at whose direction the service was made.

13

      Executed on July 10, 2017, at Costa Mesa, California.

14

15

                            */s/ Holli Kiyomi*

16

                            Holli Kiyomi

17

18

19

20

21

22

23

24

25

26

27

28

1031340.1